GULF, C. & S. F. R. CO. vs. WARLICK.

Opinion delivered February 15, 1896.

*1.  Pleading and Proof.*

>  In an action for damages for injuries caused by negligence, proof
>  of material and permanent injuries not alleged in the com-
>  plaint, is inadmissible.

*2.  Instruction—Error.*

>  It is error, which is not cured by other and correct instructions,
>  to use the word "equally" in instructing the jury "that the
>  plaintiff will be entitled to recover * * * unless they should
>  conclude from the evidence that she, by her own negligence,
>  contributed equally with the defendant to her own injuries "

*3.  Railway Company—Degree of Care.*

>  No higher degree of care and diligence is charged upon a rail
>  road company, or other corporation, than would be exacted of
>  private individuals under similar circumstances.

Appeal from the United States court for the Southern
district of the Indian Territory.

Action by Mary A. Warlick against the Gulf, Colorado
& Santa Fe Railroad Company.   From a judgment for plain-
tiff, defendant appeals.   Reversed.

The opinion of the court states the facts.

*J. W. Terry* and *P. L. Soper, for appellant*

1.   It is a settled rule of Federal courts that where
the evidence shows the plaintiff to have been guilty of con-
tributory negligence the court should direct a verdict for the
defendant.   K. & A. V. R. R. Co. vs. Waters, 70 Fed. 28.

2.   Wood on Railways ( Minor's Edition ) pp 1292 and
1293 lays down the rule that it should be held as a matter of

law that it is negligence to attempt to board or alight from a train while it is in motion.   Plaintiff did not exercise that degree of care which it was her duty to exercise as a passenger on board of said train.   Little Rock & F. S. Ry. Co. vs. Tankersly, 14 S. W. 1099.    S. C. 54.    Ark. 25. Ill Cent. R. Co. vs. Davidson, 64 Fed. 306.   Chicago, etc. Ry. Co. vs. Dingman, 1 Bradw. 162.

3.   Though no particular instruction is asked, the court is responsible for a misleading tendency in its charge, and it is cause for reversal.   Peirson vs. Duncan, 29 Atl. 733 ; Mehaffey vs. Byers, 25 Atl. 93 ; G. H. & S. A. Ry. Co, vs. Waldo, 26 S. W. 1004 ; G. H. & S. A. Ry. vs. Silegman, 23 S. W. 2ა9 ; Hayden et al vs. Burney, 15 S. E. 623 ; Dallas & O. C. L. Ry. Co., vs. Harvey 27 S. W. 423, N. Y. & T. Land Co. vs- Gardner, 25 S. W. 738.

4.   If the negligence of the plaintiff was one of the proximate causes of the injury, he cannot recover.   Mo. Pac. Ry. Co. vs. Mosely, 57 Fed. 921.   Two things must concur to enable plaintiff to recover, viz., negligence on the part of defendant and no want of ordinary care on the part of plaintiff.   Redfield on Railways, 323.

5.   An erroneous instruction is not cured by a correct instruction given at the request of defendant.   Fitzgerald vs. Meyer, 41 N. W. 123 ; Wasson vs. Palmer, 14 N. W. 171 ; McKelvey vs. C. & O. Ry. Co., 14 S. E. 266 ; Spillane vs. Mo. Pac. Ry. Co., 20 S. W. 295 ; Selven vs. State, 18 S. W. 459 ; Kraus vs. Haas, 25 S. W. 1025.

*Albert Rennie, John A. McClure* and *A. C. Cruce,* for appellee.

No brief was filed on behalf of appellee.

The opinion states the facts.

SPRINGER, C. J.   On the 14th day of September, 1893, the appellee instituted a suit against the appellant, in

what is now the Southern district of the United States court
in the Indian Territory, at Ardmore, for damages claimed to
have been received while appellee was a passenger upon
appellant's train, and while she was endeavoring to alight
from the train, at the station of Pauls Valley, Ind. T., on the
27th day of May, 1893.   The complaint in the case is as
follows :   '' That when said train was within a short distance
of Pauls Valley, the destination of the plaintiff, an employe
of defendant company announced 'Pauls Valley,' and
invited plaintiff to depart from said train.   That said train
came to a standstill, and plaintiff immediately arose from her
seat in one of the passenger cars of said train, and went to
the steps of said car to get off.   On going down said steps,
plaintiff discovered that there was no platform or stool
there for her to get off on, and no one there to assist her off,
and that, on account of the height of the steps from the
ground, she could not alight, and returned to the car, going
through it to the platform and steps in front of said car ;
and, while endeavoring to get off said train, it started, and
plaintiff was thrown violently onto the platform, on her head
and shoulder, cutting her head, to the skull, about an inch
in length, over her right eye, bruising and injuring her
right arm and shoulder, and bruising and injuring her right
leg.   That on account of the negligence of the defendant
company in failing to provide sufficient platforms and stools
for its passengers to alight on ; in failing to furnish
employes to assist its passengers to alight from its trains
safely ; in the employes of defendant company, on said train,
failing to assist and see plaintiff depart safely from said
train ; in not holding said train a sufficient time at said
station to allow the plaintiff to depart in safety ; in not see-
ing that plaintiff had departed from said train before start-
ing,—plaintiff sustained injuries to her body as aforesaid,
and has suffered great bodily pain, to her great damage in
the sum of ten thousand dollars, and has been permanently

injured in body, to her great damage, in the sum of ten thousand dollars, and has paid out, for surgeon's and physician's and druggist's bills, the sum of————, without any fault or negligence on the part of the plaintiff.'' Appellee claims that the following should be included in the statement of facts in this case: ''When the train of appellant arrived at Pauls Valley, the plaintiff went to the rear end of the chair car, in which she was sitting, and went out of the door at which she had entered said train, for the purpose of getting off. She found that the rear end of the chair car was not up to the depot platform, when she went back into the car, and went to the front end of the chair car, and went down the steps, for the purpose of getting off. She testified that the train was moving slowly when she went out on the front end of the coach, and that she thought that the car was simply pulling up to the platform, and would stop when it got to the platform. After she got down on the steps of the coach, she discovered the train was increasing its speed, when she turned to go back into the car. Just as she turned, the train gave a jerk, which threw her from the platform, inflicting upon her the injuries of which she complains.'' The railway company, in its answer, specifically denies all material allegations in the complaint, and sets up contributory negligence on the part of the plaintiff in the case below, who is the appellee in this court. The case was tried by a jury, which returned a verdict for the plaintiff for the sum of $4,200. Appellant filed a motion for a new trial, which was overruled; and on account of such verdict, and the alleged error of the trial court in overruling defendant's motion for a new trial, the appellant brings this case, upon an appeal from the entire proceedings, and prays the said judgment may be reversed, and the cause remanded for a new trial.

Appellant submits an assignment of 35 errors in the case. It is not necessary to consider all the assignments of

error in detail. It will be sufficient to consider the following :

The first assignment of error is as follows : "That said defendant was taken by surprise in the trial of said cause, which ordinary prudence could not have guarded against, in this : that said plaintiff was permitted to introduce evidence, over the objection of defendant, tending to show that the injury received by plaintiff, as alleged in her complaint, caused the bursting of the right eyeball of plaintiff, and occasioned blindness and pain, from which plaintiff suffered, not only in the right eye of plaintiff, but also in the left eye ; and, in support hereof, defendant attaches hereto affidavits, which it makes a part hereof. " Assignments of error numbered 15, 16, 17, 19, 20, 21, 22, 23, and 24 are similar to the first assignment which is quoted, and which alleges error in permitting, over the objection of defendant, testimony tending to show injury to the eyes of the appellee. The allegation in the complaint which describes the injury of the appellee is as follows : "The plaintiff was thrown violently on the platform, on her head and shoulder, cutting her head, to the skull, about an inch in length, over her right eye, bruising and injuring her right arm and shoulder, and bruising and injuring her right leg. " And, further, that "plaintiff sustained injuries to her body as aforesaid, and has suffered great bodily pain, to her great damage in the sum of ten thousand dollars, and has been permanently injured in her body, to her great damage, in the sum of ten thousand dollars, " etc. It appears from an examination of the complaint that it nowhere alleges any injury to either of the eyes of the appellee. It merely states that her head was cut, to the skull, about an inch in length, over her right eye. The words "over her right eye" are used in the complaint as merely descriptive of the location of the cut upon the head, and the bruising which is alleged, such as to her right arm and shoulder and to her right leg, and

subsequently in the complaint the reference is to the injury sustained to her body as aforesaid. Under this allegation in the complaint, plaintiff in the court below was permitted to introduce evidence, over the objection of the defendant, tending to show, as alleged in the assignment of error, that the injury received caused the bursting of the right eyeball of the plaintiff in the case below, and occasioned blindness and pain, from which she suffered, not only in her right eye, but in her left eye ; and it is contended by the appellant that the alleged injury to the appellee's eyes was the principal ground upon which the jury must have awarded the damages in this case. The plaintiff below could have amended her complaint at the time of the trial by alleging injury to one or both of her eyes, but such an amendment would have entitled the defendant below to a continuance. No amendment was made, and the court permitted the introduction of testimony under the pleadings as they stood, showing injury to one or both of appellee's eyes, and great bodily suffering on that account. We are of opinion that, under the pleadings as they stood at the time of the trial, testimony tending to show injury to her eyes was inadmissible, and that the court erred in admitting such testimony, especially in view of the fact that the injury which the eyes are alleged to have sustained was, in all probability, the principal basis upon which the jury awarded the damages in this case.

Appellant assigns as error the giving of the following instruction to the jury by the court below : "The plaintiff will be entitled to recover in this case if all the facts and circumstances which are in evidence before the jury show that she was injured by the negligence of the defendant, and that she was free from negligence herself. So that if you should determine from the testimony that the plaintiff, Mrs. Warlick, was injured at the time and place mentioned in her complaint, and in the manner suggested therein, and that such injury was the result of, and caused by, the negligence

*Pleading and proof, inadmissible evidence.*

of the railway company, it will be your duty to find for the plaintiff damages in such sums as may appear to be warranted by the proof, unless you should conclude from the evidence that she, by her own negligence, contributed equally with the defendant to her own injuries." This instruction in the first sentence clearly states the law applicable to this case, namely, that the plaintiff would be entitled to recover if all the facts and circumstances show that appellee was injured by the negligence of the appellant, and that she was free from negligence herself; but in the concluding sentence of the same instruction appears the phrase, "unless you should conclude from the evidence that she, by her own negligence, contributed equally with defendant to her own injuries." Counsel for appellee insists that the word "equally," as used in this instruction, means "likewise," or "in a like manner," and it should not be construed in its ordinary acceptation, as meaning equal in degree or quantity. This contention seems to us untenable. The word "equally," as used in this instruction, can have no other meaning than that which is ordinarily given to the word. It means, in this connection, that the jury should return a verdict for the plaintiff unless she contributed equally with the defendant to her injuries. If the negligence of the plaintiff in the court below was one of the proximate causes of the injury,—if it contributed to the result,—she cannot recover, even though the negligence of the appellant also contributed to it. The error in the latter part of the instruction, in the use of the word "equally," is not cured by the correct principle which is laid down in the first sentence of the instruction. "Contradictory instructions, if allowed, would make trial by jury a most mischievous institution." Clem vs. State, 31 Ind. 480. Instructions which are necessarily contradictory should not be given, for it would be impossible to tell which of them the jury accepted as the basis of their verdict. Pond vs. Turck, 95 U. S. 461.

Instruction Error.

Appellant assigns as further error the giving by the court of the following instruction :  "The railway company is, by the law, charged with a higher degree of care and diligence in dealing with passengers than is exacted of private individuals under similar conditions." Appellant contends that this instruction is clearly erroneous, in that it charges a railway corporation with a higher degree of care than is exacted of private individuals. In other words, when a railroad corporation operates a railroad it is charged with a higher degree of care and diligence in dealing with passengers than the law would exact if the railway was owned and operated by private individuals. The appellee contends that this instruction states the law correctly, and cites the case of Shoemaker vs. Kingsbury, 12 Wall. 369, in which it is held by the supreme court "that public carriers or railroad corporations, in carrying passengers, are held to 'the utmost diligence of very cautious persons, ' or, 'the greatest possible care and diligence, ' or, 'the most perfect care of cautious and prudent persons.' " Appellee also cites Hutch. Carr. § 501, in which it is stated that the duty of the carrier is to provide for the safety of his passengers, "as far as human care and foresight will go. " A careful examination of these authorities will show that the error assigned as to the instruction in question does not bring it within the rule laid down in Shoemaker vs. Kingsbury, or in Hutchinson on Carriers, which is to the effect that the railroad company is charged by law with "utmost diligence of very cautious persons, " or, "the most perfect care of cautious and prudent persons, " or, with diligence "as far as human care and foresight will go. " The instruction which is alleged to be erroneous states that the law charged the railroad with a higher degree of care and diligence than is exacted of private individuals under similar conditions. The word "higher, " which is used in the instructions, was calculated to mislead the jury, in this : that the railroad company was

*Degree of care required of railroad company.*

(4)

required by law to exercise, not the utmost diligence of cautious persons, but a higher degree of diligence than persons would be required to observe under similar conditions. It will not be contended that if a railroad belonged to, and was operated by, private individuals, they would be subject to a less degree of diligence than a corporation is required to observe. If the instruction had stated that the railway company is charged by law with the utmost diligence of very cautious persons, or the most perfect care of cautious and prudent persons, it would have been within the rule. But in so far as it required a higher degree of care and diligence than private individuals, under similar conditions, would be required to exercise, it is erroneous.

**Erroneous instruction.**

The facts in this case do not show that the railway was guilty of any negligence in the construction of the depot platform at Pauls Valley. The railroad company is not required by law to construct a depot platform of sufficient length to furnish suitable means to enable passengers to get off the train at both ends of every passenger car on the train. If, at the time the train stopped at Pauls Valley, there was at one end of the passenger car, in which the appellee was a passenger, a suitable platform, upon which she could have alighted in safety, it was her duty to ascertain beforehand at what end of the car she might get off. The fact that she went to the end of the car which had not reached the depot platform, and there, having discovered her mistake, returned to the car for the purpose of getting off at the other end, was a mistake on her part, for which the railroad company could not be held responsible; and the further fact that no injury whatever resulted to her, proximately or even remotely, by reason of her approaching the end of the car which had not reached the platform, and that she, acting as a prudent person would do under the circumstances, did not attempt to alight at that end of the car, but, on discovering her mistake, returned to the end of

**Lawful depot platform.**

**Duty of passenger leaving train.**

the car at which she could properly get off, shows conclusively that the railroad company was not guilty of any negligence by reason of any defect or imperfection in the depot platform, so far as this case is concerned. It is contended, however, by counsel for appellee, that, if she could have gotten off the train at the end of the car which she approached, she would not have consumed the time in which she could have descended from the car at the other end, and that the failure of the railroad company to provide a suitable means of getting off the car at the end which she first approached was such negligence on its part as contributed directly to the injury which appellee received in endeavoring to get off at the other end of the car. This contention is, in our opinion, not tenable. If the railroad company is guilty of negligence in this case, it must arise from a failure to furnish a suitable platform, on which appellee could have alighted from the train at the end of the car at which she attempted to get off, or in remaining at the station a time too short to afford appellee an opportunity to get off the train in safety. There is no evidence in the record which tends to prove that the depot platform was defective in any respect at that end of the car. The statement in appellee's brief is, '' She testified that the train was moving slowly when she went out on the front end of the coach, and that she thought the car was simply pulling up to the platform, and would stop when it got to the platform.'' If appellee had thought, when she discovered that the car was in motion, that it was simply pulling up to the platform, and that it would stop when it got there, she should not have gone out on the front end of the coach, but should have remained inside until the car came to a standstill. It was negligence on her part to have gone out onto the platform of the coach while the train was in motion, and this negligence was the proximate cause of the injury which she received, and without which she would not have been injured.

Contributory negligence of passenger leaving train.

When she found the car was in motion, she should have remained inside until it stopped, and, if she found that the train was carrying her by the station, she should have notified the conductor, or some employe of the road, at the earliest time possible, that she was being carried by the station at which she desired to get off. It would then have been the duty of the employes of the railway to stop the train, and back up to the station, and assist her in getting off in safety. From a careful review of the record in this case, we are of opinion that the injury to appellee resulted from her own negligence, and that the railway company, under the pleadings and evidence as disclosed by the record, is not responsible for the injury which she received. Therefore the judgment of the court below is reversed, and the case remanded, with directions to set aside the verdict and take such further proceedings as may be consistent with this opinion.

*Duty of railroad company to stop and back train.*

LEWIS, J., concurs in this opinion.